UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRENCE L. DAVIS, TDCJ #01972854, | § § § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO. H-18-3014 |
| K. WARD, et al., | § § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

State inmate Terrence L. Davis (TDCJ #01972854) has filed a civil rights complaint under 42 U.S.C. § 1983, alleging that prison officials at the Ferguson Unit have interfered with his access to the courts [Doc. # 1]. At the Court's request, Davis has provided a more definite statement of his claims [Doc. # 8]. Because Davis is a prisoner who proceeds *in forma pauperis,* the Court is required to scrutinize the pleadings and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

## I. BACKGROUND

Davis was admitted to the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") most recently on January 24, 2015 [Doc. # 8, at 2], following a conviction for aggravated robbery in Bowie County Cause No. 14F0109-202 that resulted in a 55-year prison sentence. On direct appeal, Davis challenged the sufficiency of the evidence to corroborate testimony against him by an accomplice witness and he argued that the trial court erred in denying his motion for a continuance based on prosecutorial misconduct. The intermediate court of appeals rejected both arguments and affirmed the conviction in an unpublished opinion. *See Davis v. State*, No. 06-15-00011-CR, 2015 WL 8953889 (Tex. App. — Texarkana Dec. 16, 2015, pet. ref'd).

Davis has challenged his conviction further by filing a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 on October 11, 2017. *See Davis v. Davis*, Civil No. 5:17-0178 (E.D. Tex.). Court records from that proceeding show that Davis raised the following claims for relief: (1) ineffective assistance of counsel at trial for failing to investigate, prepare, consult with Davis, and raise objections to the jury charge, among other issues (2) ineffective assistance of counsel on direct appeal for failing to raise a *Brady* violation and other issues; (3) prosecutorial misconduct for failing to respond to a discovery requests, disclose witness statements, investigate his claim of actual innocence, and in calling Davis's

common-law wife to testify; and (4) there was legally insufficient evidence to support the conviction.[1] The respondent filed an answer to the petition on January 3, 2018, arguing that the asserted grounds for relief were without merit.[2] On February 1, 2018, Davis filed a rebuttal to the respondent's answer.[3] The case remains pending in the Eastern District of Texas, Texarkana Division.

On August 29, 2018, Davis filed his civil rights complaint under 42 U.S.C. § 1983, against Access to Courts Program Manager Kelli Ward, Librarian Yolanda L. Jones, and TDCJ Director Lorie Davis, alleging that these defendants impeded his right to access the courts [Doc. # 1, at 3-4]. Davis explains that he was doing legal research in the law library located in the Ferguson Unit in March of 2018, when he asked a law library worker, Ms. Bookman, for two Supreme Court opinions: *United States v. Berger*, 295 U.S. 78 (1935); *Mooney v. Holohan*, 294 U.S. 103 (1935) [Doc. # 8, at 2-3]. After Ms. Bookman provided Davis with the *Mooney* opinion, Jones took the opinion away from him because it was "[too] old" [*Id*. at 3]. Jones then explained that Davis needed to "write Huntsville" to get a copy of that opinion [*Id*.].

---

[1] *See* Petition [Doc. # 1] and Petitioner's Memorandum of Law in Support [Doc. # 4] in *Davis v. Davis*, Civil No. 5:17-0178 (E.D. Tex.).
[2] *See* Respondent Davis's Answer with Brief in Support [Doc. # 16] in *Davis v. Davis*, Civil No. 5:17-0178 (E.D. Tex.).
[3] *See* "Re-butal [sic]" [Doc. # 20] in *Davis v. Davis*, Civil No. 5:17-0178 (E.D. Tex.).

Davis repeated his request for the *Berger* and *Mooney* opinions to Jones on April 17, 2018, but Jones denied that request [Doc. # 8, at 8]. Davis then requested the opinions from officials in Huntsville through the grievance process [*Id.*]. In response to that grievance, Ward denied his request and advised him to "Shepardize" the cases to find out about their continued validity [Doc. # 8, at 15].

Davis explains that he needed these cases in connection with his federal habeas corpus action under 28 U.S.C. § 2254, which remains pending in the Eastern District of Texas, Texarkana Division [Doc. #8, at 6]. The legal issue Davis was researching concerned a criminal defendant's Sixth Amendment right to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense [*Id.* at 4]. Davis requested the *Berger* decision because that case was cited in the "State's Brief" against him [*Id.*]. As a result of being denied access to the *Berger* and *Mooney* decisions, Davis argues that he has been unable to "fully respond or communicate with the court" about the issues pending in his federal habeas petition [Doc # 8, at 9, 14]. Davis maintains, therefore, that Ward and Jones violated his constitutional right to access the courts [*Id.*]. He requests $389,600.00 in compensatory damages for the violation of his constitutional rights [Doc. # 1, at 4].

## II. DISCUSSION

Davis contends that he has been denied access to the courts, or that his right

to access the courts has been impeded, because he was denied two Supreme Court decisions by Jones and Ward. The Supreme Court held in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), that prisoners have a constitutional right to access the courts. The Supreme Court later clarified, however, that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, access to a prison law library is only a means for assuring "a reasonably adequate opportunity [for an inmate] to file nonfrivolous legal claims challenging . . . convictions or conditions of confinement." *Id*. at 356; *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (observing that a prisoner's right to access the courts encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging his conviction or conditions of confinement).

To state a claim, a prisoner alleging a violation of the right to access the courts must demonstrate that he has suffered an actual injury stemming from a defendant's unconstitutional conduct. *See Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (holding that "without an actual injury, a prisoner cannot prevail on an access-to-the-courts claim"). Actual injury in this context is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. In other words, a prisoner must demonstrate "that his position as a litigant was prejudiced by his denial of access to

the courts." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993)). Davis does not make that showing because he does not show that the requested Supreme Court opinions are helpful.

In *Mooney v. Holohan*, 294 U.S. 103 (1935), which was an original habeas corpus proceeding to the Supreme Court, the petitioner challenged his murder conviction on the grounds that the prosecuting authorities knowingly used perjured testimony and suppressed evidence that would have impeached or refuted the testimony against him in violation of his right to due process. *Id*. at 104. The Supreme Court denied the petition without prejudice because Mooney had not yet applied to the state court for a writ of habeas corpus on the grounds alleged, meaning that he had not exhausted available state court remedies. *Id*. at 115.

The defendant in *Berger v. United States*, 295 U.S. 78 (1935) was convicted of conspiracy to utter counterfeit notes. The Supreme Court observed that there was a variance in the conspiracy alleged in the indictment and the proof, but held that it was not material or fatal. *Id*. at 80-84. The Supreme Court reversed the judgment of conviction in Berger's case because the prosecuting attorney engaged in misconduct by misstating facts during cross-examination and during his argument to the jury. *Id*. at 84-89.

The decision in *Mooney*, which concerned an unexhausted claim, does not

appear to aid Davis in any way. Likewise, the decision in *Berger* also appears to provide little support for Davis's claim for federal habeas corpus relief. In that regard, a review of the pleadings filed in Davis's federal habeas corpus proceeding reflects that the respondent made only one reference to *Berger* for the following axiomatic proposition: "[T]he role of a prosecutor is to see that justice is done. *See Berger v. United States*, 295 U.S. 78, 88 (1935)."[4] This general proposition, which was asserted in response to Davis's claim that the prosecutor engaged in misconduct by failing to investigate his actual innocence, was not central to the respondent's primary argument, which was that this was not a case in which the prosecutor framed an innocent man and there was no evidence of prosecutorial misconduct.[5]

As noted above, Davis's federal habeas corpus proceeding remains pending in the Eastern District of Texas. Davis filed a reply in rebuttal to the respondent's answer in February of 2018, and the complained of access to courts violation did not occur until March of 2018, well after that reply was filed. Records from that proceeding show that Davis filed a written "Notice" in that case on August 6, 2018, advising the district court that he had been denied access to *Mooney* and *Berger* during his research.[6] Under these circumstances, Davis does not demonstrate that

---

[4] *See* Respondent Davis's Answer with Brief in Support [Doc. # 16, at 26] in *Davis v. Davis*, Civil No. 5:17-0178 (E.D. Tex.).
[5] *See id.*
[6] *See* Notice [Doc. #22, at 1-2] in *Davis v. Davis*, Civil No. 5:17-0178 (E.D. Tex.).

his position as a litigant has been compromised in any way by lack of access to the Supreme Court opinions in *Mooney* or *Berger*. Because Davis does not establish that he has suffered any actual prejudice as the result of being denied access to these opinions, he fails to state a claim upon which relief may be granted. Accordingly, his complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The complaint filed by the plaintiff, Terrence L. Davis (TDCJ #01972854) is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk will provide a copy of this order to the parties of record. The Clerk will also provide a copy of this order to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax: 512-936-2159; and (2) the Manager of the Three Strikes List at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas on <u>March 14</u>, 2019.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE